Christopher Tayback (Bar No. 145532)
  christayback@quinnemanuel.com
Ryan S. Goldstein (Bar No. 208444)
  (ryangoldstein@quinnemanuel.com)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Daryl M. Crone (Bar No. 209610)
  dcrone@bmchlaw.com
BAKER MARQUART CRONE & HAWXHURST LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Telephone:    (424) 652-7800
Facsimile:    (424) 652-7850

Attorneys for Defendants
Richard Scot Giambruno, Thomas N. Tabback
and Independence Health Strategies, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SXC HEALTH SOLUTIONS, INC., an Illinois corporation; RICHARD SCOT GIAMBRUNO, an individual; THOMAS N. TABBACK, an individual; and INDEPENDENCE HEALTH STRATEGIES, a Florida limited liability company,<br><br>Defendants. | Case No.: 08-CV-0590 BTM (CAB)<br><br>Judge:  Hon. Barry Ted Moskowitz<br>Ctrm.:  15 – Fifth Floor<br>Date:  June 27, 2008<br>Time:  11:00 a.m.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS RICHARD SCOT GIAMBRUNO'S, THOMAS N. TABBACK'S AND INDEPENDENCE HEALTH STRATEGIES, LLC'S MOTION TO DISMISS PURSUANT TO <u>FED. R. CIV. P.</u> 12(B)(6)**<br><br>Date Filed:  March 28, 2008<br>Trial Date:  None Set |

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Defendants Richard Scot Giambruno and Thomas Tabback were senior executives at plaintiff MedImpact Healthcare Systems until they quit late last year to form a new consulting firm named Independence Health Strategies. This lawsuit is an ill-considered and vindictive attempt by MedImpact to foreclose these defendants from engaging in lawful employment that in no way involves the use or disclosure of MedImpact's alleged trade secrets. Giambruno and Tabback vehemently deny MedImpact's false allegations, which it obviously failed to adequately investigate prior to the filing of its First Amended Complaint (or the original Complaint).

Even though the allegations of the First Amended Complaint must be accepted as true at this stage of the proceedings, all but one of MedImpact's causes of action fail as a matter of law. In addition to its trade secret misappropriation claim, MedImpact alleges causes of action for intentional and negligent interference with prospective economic advantage, statutory unfair competition, and injunctive relief, but each of those claims is also based on MedImpact's allegations of trade secret theft. Because California's Trade Secrets Act preempts any cause of action based on the same nucleus of facts as a misappropriation claim, the Second through Fifth Claims for Relief should be dismissed, without leave to amend.

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

1

2

### Statement of Facts

3      MedImpact's Trade Secret Allegations.  Defendants Richard Scot Giambruno and

4  Thomas N. Tabback worked for plaintiff MedImpact Healthcare Systems, Inc. ("MedImpact")

5  until December 2007.  (First Am. Compl., ¶ 8.)  MedImpact is a San Diego-based company in the

6  business of providing Pharmacy Benefits Management ("PBM") services to various customers.

7  (Id., ¶ 1.)

8      MedImpact alleges that during the period of their employment, Giambruno and

9  Tabback were exposed to "highly sensitive proprietary information."[1]  (Id., ¶ 8.)  MedImpact

10 alleges that it maintains the secrecy of such information, and that Giambruno and Tabback signed

11 agreements acknowledging that they would maintain the information in confidence.  (Id., ¶¶ 9-11.)

12 Immediately prior to their departure from MedImpact, Giambruno and Tabback prepared for a

13 new business venture – a consulting firm with the corporate name of Independence Health

14 Strategies, LLC (which also has been named as a defendant in this action).  (Id., ¶¶ 17, 21.)

15      MedImpact claims that Giambruno and Tabback "were intimately involved in a

16 proposal for PBM services to MedImpact customer Ceres Strategies" shortly after they quit

17 MedImpact.  (Id., ¶ 13.)  Giambruno and Tabback purportedly "diverted the Ceres Strategies

18 account" to defendant SXC Health Solutions, Inc. (a "direct competitor" of MedImpact), or to

19 themselves, and, in doing so, "wrongfully used confidential and proprietary information belonging

20 to MedImpact."  (Id., ¶ 15.)  Indeed, MedImpact claims that Independence Health Strategies itself

21 is somehow "based upon confidential and proprietary information belonging to MedImpact."  (Id.,

22 ¶ 18.)

23      In a similar vein, MedImpact claims that Giambruno and Tabback recently

24 approached an "existing MedImpact client in Georgia with a solicitation for their new business …

25 based upon confidential and proprietary information belonging to MedImpact …."  (Id., ¶ 22.)

26  _____

27      [1] The Complaint nowhere describes the alleged trade secrets with specificity.  MedImpact must
do so prior to engaging in discovery.  See Cal. Civ. Proc. Code § 2019.210.

28

1    MedImpact further alleges that these defendants recently "solicited the business of two additional

2    MedImpact customers, one in Missouri and one in South Carolina, utilizing confidential and

3    proprietary information belonging to MedImpact including a territory spreadsheet Giambruno had

4    access to while employed by MedImpact."  (Id., ¶ 23.)

5         The First Amended Complaint.  MedImpact filed this action on March 28, 2008,

6    and soon thereafter filed a First Amended Complaint.  In addition to its First Claim for

7    misappropriation of trade secrets, MedImpact alleges in its Second and Third Claims that the

8    defendants intentionally or negligently interfered with MedImpact's prospective economic

9    advantage.  MedImpact's Fourth Claim alleges statutory unfair competition pursuant to Cal. Bus.

10   & Prof. Code § 17200, et seq.  Finally, MedImpact's Fifth Claim is a remedial request for

11   injunctive relief.

13                                    **Argument**

15   I.    **THE COURT SHOULD DISMISS THE SECOND THROUGH FIFTH CLAIMS**

16         **FOR RELIEF WITHOUT LEAVE TO AMEND BECAUSE THEY ARE**

17         **PREEMPTED BY CALIFORNIA'S TRADE SECRETS ACT**

19         As noted above, MedImpact's First Claim for Relief alleges misappropriation of

20   trade secrets.  California's Trade Secrets Act preempts any other claim that arises from the same

21   "nucleus of facts" as a plaintiff's misappropriation claim.  See, e.g., Digital Envoy, Inc. v. Google,

22   Inc., 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005); see also Cal. Civ. Code § 3426.7 (the Act does

23   not preempt "other civil remedies that are not based upon misappropriation of a trade secret").

24   Here, each of the Second through Fifth Claims for Relief alleged in the First Amended Complaint

25   also seeks to remedy the alleged misappropriation of MedImpact's claimed trade secrets:

26         •   In its intentional interference claim, MedImpact alleges that "as a

27             result of Defendants' conduct in *misappropriating MedImpact's*

28             *confidential and business information* and using the same to solicit

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

1   existing and potential MedImpact customers, which has had the

2   effect and shall have the effect of interfering with MedImpact's

3   economic relationships with existing and potential clientele,

4   MedImpact has been damaged."  (First Am. Compl., ¶ 40 (emphasis

5   added).)

6   •   In its negligent interference claim, MedImpact alleges that

7       "Defendants were negligent in that they knew or should have known

8       that Giambruno and Tabback owed a duty to MedImpact to maintain

9       the confidentiality and secrecy of MedImpact's proprietary customer

10      and competitive business information, yet *violated that duty*

11      *resulting in the misappropriation of said information* and the

12      interference and disruption by Defendants with the actual and

13      prospective economic and business relationships between

14      MedImpact and its clientele and customers."  (Id., ¶ 46 (emphasis

15      added).)

16  •   In its statutory unfair competition claim, MedImpact alleges that

17      "[t]he actions of Defendants described herein in *misappropriating*

18      *MedImpact's confidential customer and competitive business*

19      *information*, and other information and property that belonged to

20      MedImpact, and unfairly and fraudulently soliciting existing and

21      potential customers of MedImpact, constitutes unlawful, unfair and

22      fraudulent business acts and practices, in violation of California

23      Business & Professions Code §§ 17200, et seq." (Id., ¶ 49 (emphasis

24      added).)

25  •   In its claim for injunctive relief, MedImpact alleges that

26      "Defendants wrongfully and unlawfully *misappropriated*

27      *confidential and proprietary information* belonging to MedImpact,

28      as described in greater detail herein, and unfairly solicited existing

BAKER MARQUART CRONE & HAWXHURST LLP
10990 Wilshire Boulevard, Fourth Floor
Los Angeles, California 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

1    and potential customers of MedImpact." (Id., ¶ 54 (emphasis

2    added).)

3        Accordingly, each of these claims arises from MedImpact's trade secret

4    misappropriation allegations, and each of them should be dismissed, without leave to amend.[2]  See

5    Digital Envoy, 370 F. Supp. 2d at 1035 (dismissing, *inter alia*, statutory unfair competition claim

6    as preempted by California's Trade Secrets Act); First Advantage Background Services Corp. v.

7    Private Eyes, Inc., 2008 WL 618921, at *2-*6 (N.D. Cal. Mar. 5, 2008) (dismissing claim for

8    intentional interference with prospective economic advantage as preempted by California's Trade

9    Secrets Act); Monolithic Power Sys., Inc. v. 02 Micro Int'l Ltd., 2007 WL 801886, at *6 (N.D.

10   Cal. Mar. 14, 2007) (dismissing statutory unfair competition claim as preempted by California's

11   Trade Secrets Act); AirDefense, Inc. v. AirTight Networks, Inc., 2006 WL 2092053, at *4-*5

12   (N.D. Cal. July 26, 2006) (dismissing statutory unfair competition claim and intentional

13   interference with contractual relations claim as preempted by California's Trade Secrets Act);

14   Convolve, Inc. v. Compaq Computer Corp., 2006 WL 839022, at *7-*8 (S.D.N.Y. Mar. 31, 2006)

15   (holding tortious interference claims preempted by California's Trade Secrets Act).

16

17                    **Conclusion**

18

19        For the foregoing reasons, defendants Richard Scot Giambruno, Thomas N.

20   Tabback and Independence Health Strategies, LLC, respectfully request that their motion be

21   granted and that the Second through Fifth Claims for Relief against them be dismissed, without

22   leave to amend.

23

24

25

26    [2]  In addition, the Fifth Claim is not a cause of action, but a request for entry of an injunction.
      To the extent that MedImpact is entitled to an injunction, it may obtain one pursuant to
27    California's Trade Secrets Act.  Thus, for this additional reason, the Fifth Claim should be
      dismissed.

28

1 │ DATED:  May 9, 2008                    QUINN EMANUEL URQUHART
                                           OLIVER & HEDGES, LLP

2

3                                          BAKER MARQUART CRONE &
                                           HAWXHURST LLP

4

5                                          By___/s/ Daryl M. Crone_____
                                              Daryl M. Crone

6                                             Attorneys for Defendants
                                              Richard Scot Giambruno, Thomas N. Tabback

7                                             and Independence Health Strategies, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

{00011444.DOC - v1}

- 6 -                          Case No. 08-CV-0590 BTM (CAB)
MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO DISMISS