1  RICHARD E. LYON, JR. (SBN 46928)
   E-Mail: richard.lyon@hklaw.com
2  VITO A. COSTANZO (SBN 132754)
   E-Mail: vito.costanzo@hklaw.com
3  HOLLAND & KNIGHT LLP
   633 West Fifth Street, 21st Floor
4  Los Angeles, California 90071-2040
   Telephone (213) 896-2400
5  Facsimile (213) 896-2450

6  Attorneys for Defendant
   SXC Health Solutions, Inc.
7

8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 MEDIMPACT HEALTHCARE           )  CASE NO. 08-CV-0590 BTM (CAB)
   SYSTEMS, INC., a California corporation, )
12                                 )  DEFENDANT SXC HEALTH
                 Plaintiff,        )  SOLUTIONS, INC.'S ANSWER TO
13                                 )  PLAINTIFF'S FIRST AMENDED
          v.                       )  COMPLAINT FOR:
14                                 )
   SXC HEALTH SOLUTIONS, INC., an  )  1.  MISAPPROPRIATION OF TRADE
15 Illinois corporation; RICHARD SCOT )     SECRETS;
   GIAMBRUNO, an individual; THOMAS )  2.  INTENTIONAL INTERFERENCE
16 N. TABBACK, an individual; and  )      WITH PROSPECTIVE ECONOMIC
   INDEPENDENCE HEALTH             )      ADVANTAGE;
17 STRATEGIES, a Florida limited liability ) 3. NEGLIGENT INTERFERENCE
   company,                        )      WITH PROSPECTIVE
18                                 )      ECONOMIC ADVANTAGE;
                 Defendants.       )  4.  UNFAIR COMPETITION – CAL.
19                                 )      BUS. & PROF. CODE § 17200, ET
                                   )      SEQ; AND
20                                 )  5.  INJUNCTIVE RELIEF
                                   )
21                                 )
                                   )
22

23

24                              **ANSWER**

25      Defendant, SXC HEALTH SOLUTIONS, INC. ("SXC") hereby answers the First

26 Amended Complaint of MEDIMPACT HEALTHCARE SYSTEMS, INC. ("Plaintiff") as

27 follows.

28 ///

## THE PARTIES

1. SXC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint and, on that basis, denies the allegations.

2. SXC admits that it is in the business of providing PBM services to customers throughout the United States, including this judicial district, and that it is a direct competitor with Plaintiff. SXC denies the remaining allegations of Paragraph 2 of the Complaint.

3. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint and, on that basis, denies the allegations.

4. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint and, on that basis, denies the allegations.

5. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint and, on that basis, denies the allegations.

6. SXC denies the allegations of Paragraph 6 of the Complaint.

7. No response required to Paragraph 7 of the Complaint as the paragraph merely contains instructions and/or definitions, not allegations.

## GENERAL ALLEGATIONS

8. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint and, on that basis, denies the allegations.

9. SXC denies that Plaintiff, as a privately held company, has less mandatory disclosure obligations to, for instance, shareholders and regulators, allowing Plaintiff greater control over its trade secrets and competitive information and SXC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 of the Complaint and, on that basis, denies those remaining allegations.

10. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint and, on that basis, denies the allegations.

11. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint and, on that basis, denies the allegations.

12. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 12 of the Complaint and, on that basis, denies the allegations.

13. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint and, on that basis, denies the allegations.

14. SXC admits that SXC is a direct competitor of Plaintiff but denies the remaining allegations of Paragraph 14 of the Complaint.

15. SXC denies that Giambruno and Tabback have diverted the Ceres Strategies account to SXC and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 15 of the Complaint and, on that basis, denies those remaining allegations.

16. SXC denies that it has committed any wrongful conduct and lacks knowledge or information sufficient to form the belief as to the truth or falsity of the remaining allegations of Paragraph 16 of the Complaint and, on that basis, denies those remaining allegations.

17. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint and, on that basis, denies the allegations.

18. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint and, on that basis, denies the allegations.

///

19. SXC admits that Giambruno and Tabback are identified as the managing members/managers of Independence Health Strategies on Exhibit 1 to the Complaint but lacks knowledge or information sufficient to form the belief as to the truth or falsity of the remaining allegations of Paragraph 19 of the Complaint and, on that basis, denies the remaining allegations.

20. SXC denies that a business plan for a competing venture was created by Mike Meyer, SXC's Senior Vice-President of Sales and Marketing on December 5, 2007 and lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20 of the Complaint and, on that basis, denies the remaining allegations.

21. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint and, on that basis, denies the allegations.

22. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint and, on that basis, denies the allegations.

23. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint and, on that basis, denies the allegations.

24. SXC denies that it wrongfully misappropriated any trade secrets, committed any acts of unfair competition or other wrongful acts and further denies that it has engaged in a pattern and practice of using Plaintiff's confidential and proprietary information to unlawfully compete with Plaintiff and/or to otherwise injure Plaintiff's status and reputation in the PBM industry. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the remaining allegations of Paragraph 24 of the Complaint and, on that basis, denies the remaining allegations.

25. SXC admits that Plaintiff demanded that SXC cease and desist from using Plaintiff's confidential and proprietary information and return the same to Plaintiff, but denies that it refused to cease and desist from using Plaintiff's confidential and proprietary information and return the same to Plaintiff. SXC informed Plaintiff that it had never used Plaintiff's

confidential and proprietary information and that it had no such information to return to Plaintiff. SXC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 25 of the Complaint and, on that basis, denies the remaining allegations.

### JURISDICTION AND VENUE

26. SXC lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether the amount in controversy exceeds the sum of $75,000.00 and on that basis denies the allegation of Paragraph 26 of the Complaint.

27. To the extent Paragraph 28 alleges that SXC committed acts of trade secret misappropriation, unfair competition and interference with economic relationships and is continuing to do so, such allegations are denied. SXC admits that the Complaint asserts that such actions occurred within this District and that the venue is proper in this District.

### FIRST CAUSE OF ACTION
### MISAPPROPRIATION OF TRADE SECRETS
### (Against All Defendants)

28. SXC hereby incorporates by reference Paragraphs 21 through 27 above as if set forth fully herein.

29. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint and, on that basis, denies the allegations.

30. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint and, on that basis, denies the allegations.

31. SXC denies that Giambruno and Tabback diverted any confidential and proprietary information to SXC. SXC further denies that it established an employment relationship with Giambruno, Tabback and Independence Health Strategies. SXC admits that it is a direct competitor of Plaintiff but lacks knowledge or information sufficient to form a belief

///

as to the truth or falsity of the remaining allegations of Paragraph 31 of the Complaint and, on that basis, denies those allegations.

32. SXC denies the allegations of Paragraph 32 of the Complaint.

33. SXC denies the allegations of Paragraph 33 of the Complaint.

34. SXC denies the allegations of Paragraph 34 of the Complaint.

35. SXC denies the allegations of Paragraph 35 of the Complaint.

36. SXC denies the allegations of Paragraph 36 of the Complaint.

37. SXC denies the allegations of Paragraph 37 of the Complaint.

38. SXC denies the allegations of Paragraph 38 of the Complaint.

## SECOND CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (Against All Defendants)

39. SXC hereby incorporates by reference Paragraphs 1 through 38 above as if fully set forth herein.

40. SXC denies the allegations of Paragraph 40 of the Complaint.

41. SXC denies the allegations of Paragraph 41 of the Complaint.

42. SXC denies the allegations of Paragraph 42 of the Complaint.

## THIRD CAUSE OF ACTION

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (Against All Defendants)

43. SXC hereby incorporates by reference Paragraphs 1 through 42 above as if fully set forth herein.

44. SXC lacks knowledge or information sufficient to form the belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint and, on that basis, denies the allegations.

45. SXC denies the allegations of Paragraph 45 of the Complaint.

46. SXC denies the allegations of Paragraph 46 of the Complaint.

47. SXC denies the allegations of Paragraph 47 of the Complaint.

### FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION – CAL. BUS. & PROF. CODE § 17200, ET SEQ.

### (Against All Defendants)

48. SXC hereby incorporates by reference Paragraphs 1 through 47 above as if fully set forth herein.

49. SXC denies the allegations of Paragraph 49 of the Complaint.

50. SXC denies the allegations of Paragraph 50 of the Complaint.

51. SXC denies the allegations of Paragraph 51 of the Complaint.

52. SXC denies the allegations of Paragraph 52 of the Complaint.

### FIFTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

### (Against All Defendants)

53. SXC incorporates by reference Paragraphs 1 through 52 above as though fully set forth herein.

54. SXC denies the allegations of Paragraph 54 of the Complaint.

55. SXC admits that Plaintiff demanded that it stop its wrongful conduct and return Plaintiff's confidential and proprietary information but denies that it ever engaged in any wrongful conduct or that it has or ever had any confidential and proprietary information of Plaintiff. SXC further denies each and every other allegation set forth in Paragraph 55 of the Complaint.

56. SXC denies the allegations of Paragraph 56 of the Complaint.

57. SXC denies the allegations of Paragraph 57 of the Complaint.

///
///
///
///

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Preemption of Cause of Action for Intentional Interference with Prospective Economic Advantage)**

58. Plaintiff's cause of action for intentional interference with prospective economic advantage is based on the same nucleus of facts recited in its cause of action for trade secret misappropriation under the Uniform Trade Secrets Act, CCP 3426 and is therefore preempted by its claim under California's Trade Secret Act.

## SECOND AFFIRMATIVE DEFENSE

**(Preemption of Cause of Action for Negligent Interference with Prospective Economic Advantage)**

59. Plaintiff's cause of action for negligent interference with prospective economic advantage is based on the same nucleus of facts recited in its cause of action for trade secret misappropriation under the Uniform Trade Secrets Act, CCP 3426 and is therefore preempted by its claim under California's Trade Secret Act.

## THIRD AFFIRMATIVE DEFENSE

**(Unfair Competition of Cause of Action for Unfair Competition)**

60. Plaintiffs cause of action for unfair competition under California Business and Professions Code § 17200 et seq. is based on the same nucleus of facts recited in its cause of action for trade secret misappropriation under the Uniform Trade Secrets Act, CCP 3426 and is therefore preempted by its claim under California's Trade Secret Act.

## FOURTH AFFIRMATIVE DEFENSE

**(No Misappropriation of Trade Secrets)**

61. SXC has not misappropriated any trade secrets of Plaintiff, either individually or in concert with the Co-Defendants and has not otherwise competed unfairly with Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

**(No Trade Secret Protection)**

62. The items allegedly misappropriated do not consist of trade secrets.

## PRAYER FOR RELIEF

Wherefore, SXC prays for the following relief:

A. That Plaintiff's Complaint be dismissed with prejudice and that all relief requested by Plaintiff be denied;

B. That a judgment be entered declaring that SXC has not misappropriated any trade secrets of Plaintiff;

C. That a judgment be entered declaring that SXC has not intentionally interfered with a prospective economic advantage of Plaintiff;

D. That a judgment be entered declaring that SXC has not negligently interfered with the prospective economic advantage of Plaintiff;

E. That a judgment be entered declaring that SXC has not competed unfairly in violation of California Business & Professions Code § 17200 et seq.;

F. That SXC be awarded its costs; and

G. That SXC be awarded such other and further relief as this Court deems proper.

Respectfully submitted,

Date: May 15, 2008

HOLLAND & KNIGHT LLP

By: _____
Richard E. Lyon, Jr.
Vito A. Costanzo
Attorneys for Defendant
SXC Health Solutions, Inc.

# 5329525_v1