1    Christopher Tayback (Bar No. 145532)
       christayback@quinnemanuel.com
2    Ryan S. Goldstein (Bar No. 208444)
       (ryangoldstein@quinnemanuel.com)
3    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     865 South Figueroa Street, 10th Floor
4    Los Angeles, California  90017-2543
     Telephone:     (213) 443-3000
5    Facsimile:     (213) 443-3100

6    Daryl M. Crone (Bar No. 209610)
       dcrone@bmchlaw.com
7    BAKER MARQUART CRONE & HAWXHURST LLP
     10990 Wilshire Boulevard, Fourth Floor
8    Los Angeles, California 90024
     Telephone:     (424) 652-7800
9    Facsimile:     (424) 652-7850

10   Attorneys for Defendants
     Richard Scot Giambruno, Thomas N. Tabback
11   and Independence Health Strategies, LLC

12                  UNITED STATES DISTRICT COURT

13                SOUTHERN DISTRICT OF CALIFORNIA

14   MEDIMPACT HEALTHCARE SYSTEMS,         Case No.: 08-CV-0590 BTM (CAB)
     INC., a California corporation,
15                                          Judge:   Hon. Barry Ted Moskowitz
                   Plaintiff,               Ctrm.:   15 – Fifth Floor
16                                          Date:    June 27, 2008
            v.                              Time:    11:00 a.m.
17
     SXC HEALTH SOLUTIONS, INC., an         **REPLY MEMORANDUM OF POINTS
18   Illinois corporation; RICHARD SCOT     AND AUTHORITIES IN SUPPORT OF
     GIAMBRUNO, an individual; THOMAS N.    DEFENDANTS RICHARD SCOT
19   TABBACK, an individual; and            GIAMBRUNO'S, THOMAS N.
     INDEPENDENCE HEALTH STRATEGIES,        TABBACK'S AND INDEPENDENCE
20   a Florida limited liability company,   HEALTH STRATEGIES, LLC'S MOTION
                                            TO DISMISS PURSUANT TO FED. R.
21                 Defendants.              CIV. P. 12(B)(6)**

22

23                                          Date Filed:   March 28, 2008
                                            Trial Date:   None Set
24

25

26

27

28

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

{00013899.DOC - v2}

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3    MedImpact is wrong that allegations must be "identical" to those underlying a trade

4    secret misappropriation claim in order to be preempted by California's Trade Secrets Act.  See

5    Opp. at 5:17-20.  An interference claim, for example, necessarily must allege "additional facts"

6    which constitute intentional interference with the plaintiff's contract, but nonetheless remains

7    potentially subject to preemption.  Thus, when determining whether a claim is preempted by the

8    Trade Secrets Act, courts inquire whether it rests upon the same "nucleus" of facts as the

9    misappropriation claim.  See, e.g., Digital Envoy, Inc. v. Google, Inc., 370 F. Supp. 2d 1025, 1035

10   (N.D. Cal. 2005) (dismissing, *inter alia*, statutory unfair competition claim as preempted by

11   California's Trade Secrets Act because it was "based on the same nucleus of facts as the

12   misappropriation of trade secrets claim for relief"); Monolithic Power Sys., Inc. v. 02 Micro Int'l

13   Ltd., 2007 WL 801886, at *6 (N.D. Cal. Mar. 14, 2007) (dismissing statutory unfair competition

14   claim as preempted by California's Trade Secrets Act because "[t]he allegations that form the

15   predicate facts for MPS' unfair competition claim are based on the same nucleus of facts as the

16   allegations in MPS' pleading asserting a claim of trade secret misappropriation").

17          The arguments of counsel in the Opposition brief cannot obscure the fact that

18   MedImpact's Second through Fifth Claims for Relief plainly rely upon its allegations of trade

19   secret "misappropriation."  See, e.g., Memo. in Support at 3:26-5:2 (*quoting* First Am. Compl.,

20   ¶¶ 40, 46, 49, 54); see also First Am. Compl., ¶¶ 39, 43, 48, 53 (incorporating all prior allegations,

21   including the allegations set forth in the First Claim for Relief).  For example, in its intentional

22   interference claim, MedImpact alleges that "as a result of Defendants' conduct in *misappropriating*

23   *MedImpact's confidential and business information* and using the same to solicit existing and

24   potential MedImpact customers, which has had the effect and shall have the effect of interfering

25   with MedImpact's economic relationships with existing and potential clientele, MedImpact has

26   been damaged."  (First Am. Compl., ¶ 40 (emphasis added).)  Likewise, in its First Claim for

27   Relief, MedImpact also seeks redress for these defendants having allegedly "misappropriated

28

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

{00013899.DOC - v2}

- 1 -

Case No. 08-CV-0590 BTM (CAB)

BAKER MARQUART CRONE & HAWXHURST LLP
10990 WILSHIRE BOULEVARD, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90024
Tel: (424) 652-7800 • Fax: (424) 652-7850

1  MedImpact's *confidential and proprietary information….*"  (Id., ¶ 31 (emphasis added).)  Both

2  claims also allege the same damages.  (Id., ¶¶ 33, 40.)

3       At a minimum, MedImpact's Second through Fifth Claims heavily rely upon the

4  trade secrets allegations, which is a pleading defect that should be addressed prior to an Answer

5  being filed.  Indeed, MedImpact nowhere disputes that, to the extent that a claim "is based on

6  wrongful acts amounting to trade secret misappropriation," it is preempted by California's Trade

7  Secrets Act.  See First Advantage Background Services Corp. v. Private Eyes, Inc., 2008 WL

8  618921, at *6 (N.D. Cal. Mar. 5, 2008).  All claims incorporate MedImpact's misappropriation

9  allegations.  Accordingly, at the very least, the Second through Fifth Claims should be dismissed,

10  with leave to amend.

## Conclusion

14       For the foregoing reasons, defendants Richard Scot Giambruno, Thomas N.

15  Tabback and Independence Health Strategies, LLC, respectfully request that their motion be

16  granted and that the Second through Fifth Claims for Relief against them be dismissed.

18  DATED:  June 20, 2008        QUINN EMANUEL URQUHART
         OLIVER & HEDGES, LLP

19

20          BAKER MARQUART CRONE &
        HAWXHURST LLP

22          By___/s/ Daryl M. Crone_____
         Daryl M. Crone

23          Attorneys for Defendants
        Richard Scot Giambruno, Thomas N. Tabback

24          and Independence Health Strategies, LLC