UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SXC HEALTH SOLUTIONS, INC., an Illinois corporation; RICHARD SCOT GIAMBRUNO, an individual; THOMAS N. TABBACK, an individual; and INDEPENDENCE HEALTH STRATEGIES, a Florida limited liability company,<br><br>Defendants. | Civil No.   08cv0590-BTM (CAB)<br><br>**ORDER FOLLOWING EARLY NEUTRAL EVALUATION CONFERENCE AND SETTING DISCOVERY CONFERENCE AND SETTLEMENT CONFERENCE** |

An Early Neutral Evaluation conference was held on June 24, 2008. The case did not settle; however, to facilitate further settlement discussions, **IT IS HEREBY ORDERED** that Medimpact shall identify the trade secrets at issue in this litigation with reasonable particularity, as required by California Code of Civil Procedure 2019.210, no later than **July 7, 2008**.

**IT IS FURTHER ORDERED** as follows:

1. The Court will hold a discovery conference on **July 16, 2008**, at **9:30 a.m.** regarding the disclosure and to discuss a pretrial schedule for the case. The conference shall be telephonic, with attorneys only. Counsel for Plaintiff shall coordinate and initiate the conference call.

///

2. On **August 5, 2008**, at **2:00 p.m.** the Court will hold a Settlement Conference with Plaintiff and Defendant SXC Health Solutions. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **July 29, 2008**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the settlement conference. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference will be considered grounds for sanctions.

Unless there are **extraordinary circumstances**, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests to appear by telephone must be submitted in writing no later than **August 1, 2008**. Failure to appear at the settlement conference will be grounds for sanctions.

**IT IS SO ORDERED.**

DATED: June 30, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).