1  Andrea M. Kimball, State Bar No. 196485
   Michelle A. Herrera, State Bar No. 209842
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Fax No.: 619.232.8311

5  Attorneys for Plaintiff MedImpact
   Healthcare Systems, Inc.
6

7  Richard E. Lyon, Jr., State Bar No. 46928
   HOLLAND & KNIGHT LLP
8  633 West Fifth Street, 21st Floor
   Los Angeles, California 90071
9  Telephone No.: 213-896-2400
   Fax No.: 213-896-2450
10

11 Attorneys for Defendant SXC Health Solutions, Inc.

12 Daryl M. Crone, State Bar No. 209610
   BAKER MARQUART CRONE & HAWXHURST, LLP
13 10990 Wilshire Boulevard, Fourth Floor
   Los Angeles, California 90024
14 Telephone No.: 424.652.7800
   Fax No.: 424.652.7850
15
   Attorneys for Defendants Richard Scot Giambruno, Thomas N. Tabback
16 and Independence Health Strategies, LLC

17                    UNITED STATES DISTRICT COURT

18                  SOUTHERN DISTRICT OF CALIFORNIA

19

20 MEDIMPACT HEALTHCARE SYSTEMS,        Case No. 08-CV-0590 BTM(CAB)
   INC., a California corporation,
21
          Plaintiff,
22                                       **JOINT MOTION AND [PROPOSED]**
   v.                                    **PROTECTIVE ORDER RE**
23                                       **CONFIDENTIAL INFORMATION**
   SXC HEALTH SOLUTIONS, INC., an
24 Illinois corporation; RICHARD SCOT
   GIAMBRUNO, an individual; THOMAS N.
25 TABBACK, an individual; and
   INDEPENDENCE HEALTH STRATEGIES,
26 a Florida limited liability company,

27        Defendants.

28

1    WHEREAS, the parties believe that a protective order is necessary in this case because it is

2    anticipated that claimed confidential and proprietary information, including the parties' respective

3    claimed trade secrets, may be exchanged or disclosed during discovery;

4    WHEREAS, the parties desire to protect such claimed proprietary and confidential

5    information from improper use by the parties, from competitors in the industry and from

6    disclosure to third parties; and

7    WHEREAS, Plaintiff MedImpact Healthcare Systems, Inc. and Defendants SXC Health

8    Solutions, Inc., Richard Scot Giambruno, Thomas N. Tabback and Independence Health Strategies

9    the Parties have agreed, by and through their respective counsel, to protect the confidentiality of

10   such information in accordance with the following terms and conditions:

11   1.    The parties may designate any material (including writings, recordings and

12   photographs as defined in Fed. R. Civ. P. 34) alleged by them to constitute or contain a trade

13   secret or confidential information by stamping on or otherwise permanently affixing to such

14   material prior to its production the designation "CONFIDENTIAL."  "CONFIDENTIAL"

15   information, as used herein, means:  financial information; information regarding existing and

16   potential customers, including contact information, contract details, and renewal dates, customer

17   preferences and needs for Pharmacy Benefits Management ("PBM") services, purchase histories

18   and patterns, and pricing histories and patterns; internal rebate and benefit strategies; internal

19   claims administration processes; internal network programs, information and strategies; renewal

20   strategies; network administrative fees and rebates; and product and service offerings in research

21   and development.

22   2.    The Parties may also designate any material "CONFIDENTIAL - ATTORNEYS'

23   EYES ONLY" by stamping or otherwise permanently affixing to such material prior to its

24   production    the    designation    "CONFIDENTIAL - ATTORNEYS'    EYES    ONLY."

25   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is "CONFIDENTIAL"

26   information that the Producing Party believes reasonably and in good faith would cause the

27   Producing Party to suffer irreparable competitive harm, if publicly known or known by the

28   Receiving Party or its agents or employees who would have access to the information under this

1    Protective Order, with the exceptions listed in paragraph 11 herein.

2         3.    In addition to designating documents and other information confidential, the parties

3    may also designate oral disclosures (in addition to deposition testimony) "CONFIDENTIAL" or

4    "CONFIDENTIAL - ATTORNEYS' EYES ONLY" through confirmation in writing within ten

5    (10) days of the oral disclosure.  The Parties agree to act reasonably with regard to designating

6    material as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and to

7    use good faith efforts to resolve disputes regarding such designations.  Counsel for the parties

8    further agree that pursuant to their roles as officers of the Court they will designate only such

9    material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" as is

10   reasonably required in their good judgment.

11        4.    Access to all originals, copies or compilations of material or information

12   designated "CONFIDENTIAL" under this Protective Order and the contents thereof shall be

13   limited to the persons designated under paragraph 9 herein.

14        5.    Access to all originals, copies or compilations of material or information

15   designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order and

16   the contents thereof shall be limited to the persons designated under paragraph 11 herein.

17        6.    Should any person or entity not a party to this action who obtains access to all or

18   any material or information designated "CONFIDENTIAL" or "CONFIDENTIAL –

19   ATTORNEYS' EYES ONLY" under this Protective Order, make extracts or summaries of or

20   from such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material,

21   or any portion thereof, the designation "CONFIDENTIAL" or "CONFIDENTIAL –

22   ATTORNEYS' EYES ONLY" as appropriate, shall also be stamped on or affixed to such extracts

23   or summaries, and the references of this Protective Order to "CONFIDENTIAL" or

24   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall be deemed to include and to

25   apply to such extracts and summaries, and to all information derived from "CONFIDENTIAL" or

26   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material.  Should the parties or counsel for

27   the parties to this action make extracts or summaries of or from material designated

28   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any such extracts or

1    summaries shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

2    ONLY" and shall be subject to the provisions of this Protective Order.

3         7.    "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4    material shall be subject to this Protective Order until and unless the Court shall order otherwise or

5    the parties agree otherwise by written stipulation.    The parties and all persons bound by this

6    Protective Order agree that they will not make any use of any "CONFIDENTIAL" or

7    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material or the contents of any

8    "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material except for

9    the purposes of prosecuting or defending this litigation and for settlement or alternative dispute

10   resolution purposes.

11        8.    "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

12   material shall not be used for any purpose or disclosed by any person granted access thereto,

13   except insofar as and to the extent that such use or disclosure complies fully with all provisions of

14   this Protective Order.

15        9.    Except as is otherwise provided herein, access to and/or disclosure of all or any part

16   of "CONFIDENTIAL" designated material or the contents of "CONFIDENTIAL" designated

17   material shall be permitted only to the following persons and subject to the following conditions:

18        (a)    To the named parties to this action, and if any such party is a business

19        entity, to no more than two designated representatives from the entity.

20        (b)    To the Court and its personnel.

21        (c)    To court reporters, stenographers or videographers, or other persons

22        preparing transcripts or videos of testimony under the supervision of a court reporter,

23        stenographer or videographer.

24

25        (d)    To a deponent at any deposition taken in this action who drafted the

26        material at issue, was an original recipient of the material, who is currently employed by

27        the party who designated the material "CONFIDENTIAL," or who counsel agrees may be

28        shown the material at the deposition.

(e)    To counsel employed by the parties,  to such counsel's regular employees assigned to and necessary to assist counsel in preparing for trial, and to third party reproduction vendors retained by counsel employed by the parties.  All employees of counsel, in-house counsel and the party representatives to whom such access is permitted and/or disclosure is made, shall be subject to all provisions and conditions contained herein.  Prior to granting access to "CONFIDENTIAL" material, employees of the parties' counsel and the party representatives shall be advised of the provisions of this Protective Order  and must agree to be bound by the Protective Order.

(f)    To persons retained by the parties or by the parties' counsel as expert witnesses or expert consultants ("expert(s)") to assist the parties' counsel in the preparation for that portion of the trial of this action relating to the "CONFIDENTIAL" material to be disclosed.  Experts shall not be employed by or affiliated with a competitor of any party.  "Competitor" is defined as a person or entity engaged in Pharmacy Benefits Management services.

(g)    Any person to whom disclosure of "CONFIDENTIAL" material is allowed under subparagraph (f) shall, prior to receiving such material, be given a copy of this Protective Order and shall agree, in writing, to be bound by its terms by execution of the form attached hereto as Exhibit "A."  Each party's counsel shall retain the original of each such executed form.

(h)    Each party's counsel shall be responsible for ensuring that any undisclosed litigation consultant hired by counsel agrees, in writing, to be bound by the terms of this Protective Order by execution of the form attached hereto as Exhibit "A," and that such consultant, if afforded "CONFIDENTIAL" information, is not a competitor of any other party to this action.  The retention of litigation consultants shall not be required to be disclosed to opposing counsel; however, counsel shall also retain copies of Exhibit "A" executed by all litigation consultants.

(i)    All persons granted access to any "CONFIDENTIAL" material or the contents of any "CONFIDENTIAL" material covered by this Protective Order hereby

agree to be subject to the restrictions imposed by this Protective Order and to submit to the personal jurisdiction of the above-entitled Court for the limited purpose of securing compliance with the terms of this Protective Order.

10.    Except as permitted by paragraph 9 above, the parties, their counsel, experts and other persons designated under paragraph 9 who receive "CONFIDENTIAL" material or any information derived therefrom shall not permit access to or make disclosure of "CONFIDENTIAL" material to anyone unless the parties agree in writing or unless the provisions of this Protective Order are met (the "Disclosure Limitation"). The Disclosure Limitation shall become permanent unless counsel for one of the parties serves upon opposing counsel for the other parties, a written Request to Disclose Confidential Material ("Request to Disclose") specifying in advance by bates stamp number which particular "CONFIDENTIAL" material the counsel giving such notice desires permission to allow access to or make disclosure of, to whom the access or disclosure is intended, and the reasons why such disclosure is necessary, pursuant to the other provisions of this Protective Order. Counsel for the parties shall make a good faith attempt to informally resolve the issues raised in the Request to Disclose. The above-described Disclosure Limitation shall continue in effect until a ruling has been entered on a Request to Disclose "CONFIDENTIAL" material. If a Request to Disclose is granted, counsel for parties may make disclosure of or give access to "CONFIDENTIAL" material as provided in the ruling of the Court, but otherwise may not make copies of or distribute "CONFIDENTIAL" material unless provided for by this Protective Order or otherwise agreed to by written stipulation of the parties.

11.    Except as is otherwise provided herein, access to and/or disclosure of all or any part of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated material or the contents of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated material shall be permitted only to the following persons and subject to the following conditions:

(a)    To the named parties and, if any party is a business entity, to no more than two (2) designated corporate representatives of each business entity party. Designated corporate representatives must be in-house attorneys associated with the entity and agree in writing to abide by the terms of this Protective Order.

(b)     To the Court and its personnel.

(c)     To court reporters, stenographers or videographers, or other persons preparing transcripts or videos of testimony under the supervision of a court reporter, stenographer or videographer.

(d)     To a deponent at any deposition taken in this action who drafted the material at issue, was an original recipient of the material, who is currently employed by the party who designated the material "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", or who counsel agrees may be shown the material at the deposition.

(e)     To counsel employed by the parties,  to such counsel's regular employees assigned to and necessary to assist counsel in preparing for trial, and to third party reproduction vendors retained by counsel employed by the parties..  All employees of counsel, in-house counsel and the party representatives to whom such access is permitted and/or disclosure is made, shall be subject to all provisions and conditions contained herein.  Prior to granting access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, employees of the parties' counsel and the party representatives shall be advised of the provisions of this Protective Order  and must agree to be bound by the Protective Order.

(f)     To persons retained by the parties or by the parties' counsel as expert witnesses or expert consultants ("expert(s)") to assist the parties' counsel in the preparation for that portion of the trial of this action relating to the "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material to be disclosed.  Experts shall not be employed by or affiliated with a competitor of any party.  "Competitor" is defined as a person or entity engaged in Pharmacy Benefits Management services.

(g)     Any person to whom disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material is allowed under subparagraph (f) shall, prior to receiving such material, be given a copy of this Protective Order and shall agree, in writing, to be bound

by its terms by execution of the form attached hereto as Exhibit "A." Each party's counsel shall retain the original of each such executed form.

(h)    Each party's counsel shall be responsible for ensuring that any undisclosed litigation consultant hired by counsel agrees, in writing, to be bound by the terms of this Protective Order by execution of the form attached hereto as Exhibit "A," and that such consultant, if afforded "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, is not a competitor of any other party to this action. The retention of litigation consultants shall not be required to be disclosed to opposing counsel.

(i)    All persons granted access to any "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material or the contents of any "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material covered by this Protective Order hereby agree to be subject to the restrictions imposed by this Protective Order and to submit to the personal jurisdiction of the above-entitled Court for the limited purpose of securing compliance with the terms of this Protective Order.

12.    Absent advance written consent from the Designating Party, materials designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or any information derived therefrom may only be disclosed or made available to the persons listed in paragraph 11 herein. The respective parties may each designate experts and retain consultants in connection with the subject matter of this action, for sole use in this litigation who may receive "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, provided: (1) prior to receiving any CONFIDENTIAL information, such experts shall execute the form annexed hereto as Exhibit A; (2) such experts agree not to use any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information for a commercial or competitive purpose; and (3) such experts shall not discuss or otherwise disclose any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material or the contents thereof with anyone but the persons set forth in paragraphs 9 and 11 herein, as applicable.

13.    All deposition testimony of the parties and non-party witnesses, and exhibits to such depositions, shall be designated "CONFIDENTIAL" while the deposition is taken and shall

1   remain designated as "CONFIDENTIAL" for 10 days after the deposition transcript is delivered.

2   Within the 10-day period, any party may designate any portion of the deposition transcript and/or

3   exhibits to the deposition as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES

4   ONLY."  During the deposition any party may also designate certain portions of the testimony

5   "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Any portion of the

6   deposition  transcript  and/or  any  exhibits  not  designated  as  "CONFIDENTIAL"  or

7   "CONFIDENTIAL - ATTORNEYS' EYES ONLY" within the 10-day period shall not be subject

8   to the provisions of this Protective Order.  Every party that has a copy of the deposition transcript

9   and/or exhibits shall mark the portion of the deposition transcript and/or exhibits designated as

10  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" with a label stating

11  the same, as appropriate, and such portion of the deposition transcript and/or exhibits shall be

12  treated  as  "CONFIDENTIAL"  or  "CONFIDENTIAL - ATTORNEYS'  EYES  ONLY,"  as

13  appropriate, pursuant to the Protective Order.  This Protective Order does not preclude presenting

14  the original of the transcript in its entirety to the deponent for review, correction and signing, nor

15  does it preclude delivery by the reporter of copies of deposition transcripts containing and/or

16  annexing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, in

17  its entirety and marked with the designation "CONFIDENTIAL" or "CONFIDENTIAL -

18  ATTORNEYS' EYES ONLY," to counsel for the parties to this Protective Order, which

19  transcripts shall then be maintained by such counsel in accordance with the provisions of this

20  Protective  Order.    This  Protective  Order  does  preclude  use  of  "CONFIDENTIAL"  or

21  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material to prepare any witnesses not

22  allowed access in paragraphs 9 and 11, unless they are the author or an original recipient of the

23  material.

24        14.    Any party may make a good faith request that no one be present for a portion of a

25  deposition  in  which  trial  counsel  reasonably  anticipates  that  "CONFIDENTIAL"  or

26  "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material will be disclosed or discussed

27  except the deponent, counsel, officers of the Court, including the reporter, and other persons

28  otherwise permitted access to such material under paragraphs 9 and 11 of this Protective Order,

who have agreed in writing, or under oath in deposition, to be bound by this Protective Order. Counsel shall make appropriate arrangements to ensure that only such persons are present during such portion of a deposition. Failure to make such a good faith request shall not be deemed a waiver by any party to designate any portion of the deposition transcript or exhibits as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

15.     If either party desires to use "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material in any motion, pleading or other document filed with the Court, the material shall be filed under seal in accordance with the Court's rules. Subject to public policy, and further Court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

16.     If any party desires at a hearing to offer into evidence "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, or to use "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material in such a way as to reveal its nature or contents, such offers or use shall be made only after adequate notice to opposing counsel and upon the taking of all steps reasonably available to preserve the confidentiality of such "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, which may include the offering of such "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material outside the presence of persons other than Court personnel and counsel. At a later date, the Court shall enter appropriate orders governing how such materials shall be handled at trial.

17.     This Protective Order shall remain in full force and effect during the time in which an appeal from the entry of judgment may be taken and, if an appeal is taken, during the pendency of the appeal and until the judgment in the action becomes final.

18.     No later than sixty (60) days after the final termination of this action, whether by final judgment, or settlement:

(a)     Each party shall request that the clerk of the Court return all

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material filed under seal by that party pursuant to this Protective Order.

(b)    Counsel for all parties, and each person or entity, who obtained "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material subject to this Protective Order, shall assemble and return to the party so designating the material and that party's counsel "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material in their possession or subject to their control. Persons in possession of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material may destroy such material in lieu of returning it, on condition that the party or its attorney provide the opposing parties or their attorney with certification of destruction and a statement identifying the general categories of documents destroyed. "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material constituting the work product of trial counsel shall be immediately destroyed or, in the alternative, maintained by such counsel in its possession subject to this Protective Order until further order of the Court.

19.    The designation of documents or information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Protective Order shall not restrict use of duplicates or copies of the specific information, documents or knowledge acquired independently from this litigation, to the extent that the information was publicly available, acquired legally and not misappropriated from a party to the litigation. However, in the event of a dispute regarding such independent acquisition, the acquiring party shall bear the burden of proof to show that the party's acquisition of the material was independent.

20.    Notwithstanding any other provision contained herein, this Protective Order is without prejudice to the rights of any party to move the Court for an Order for protection of confidential material or information sought by or produced through discovery, which protection is different from or in addition to that provided for herein, and such right is hereby expressly reserved. Similarly, the parties expressly reserve the right at any time to request the Court to authorize disclosure of materials or to seek modification of this Protective Order in the interests of

1   justice.

2       21.    The inadvertent or unintentional production or disclosure of "CONFIDENTIAL" or

3   "CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, regardless of whether or not the

4   information was so designated at the time of disclosure, shall not be deemed a waiver in whole or

5   in part of a party's claim of confidentiality, either as to the specific information disclosed or as to

6   any other information relating thereto on the same or related subject matter.  The Producing Party

7   shall have 60 days from the date of disclosure to designate material produced as

8   "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."  With regard to

9   documents or other material produced prior to the entry of this Protective Order, the parties shall

10  have 60 days from the entry of this Order to designate such material "CONFIDENTIAL" or

11  "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

12      22.    This Protective Order is made without prejudice to any parties right to challenge

13  the propriety of any parties' designation, and in no way is an admission that any documents are, or

14  have been, properly designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'

15  EYES ONLY."

16      23.    In the event that any party challenges the designation of material as

17  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and after a good

18  faith effort to meet and confer to resolve the dispute, the party disputing the designation may

19  request appropriate relief from the Court.  In any such application or motion, the designating party

20  shall retain the burden of demonstrating that its designation was appropriate, and the Court may

21  award attorneys' fees to the prevailing party should the Court find that materials were designated

22  without substantial justification.

23  DATED: July 14, 2008            LUCE, FORWARD, HAMILTON & SCRIPPS LLP

24

25                        By: s/Andrea M. Kimball

26                            Andrea M. Kimball
                              Attorneys for Plaintiff MedImpact Healthcare Systems,
                              Inc.

27

28

1    DATED: July 14, 2008              HOLLAND & KNIGHT LLP

2

3                                      By: s/Richard E. Lyon, Jr.
                                           Richard E. Lyon, Jr.
4                                          Attorneys for Defendant SXC Health Solutions

5
     DATED: July 14, 2008              BAKER MARQUART CRONE & HAWXHURST LLP
6

7
                                       By: s/Daryl M. Crone
8                                          Daryl M. Crone
                                           Attorneys for Defendants Richard Scot Giambruno,
9                                          Thomas N. Tabback and Independence Health
                                           Strategies, LLC
10

11

12                                     **ORDER**

13          IT IS SO ORDERED.

14

15   Dated: _____          _____
                                             Hon. Cathy A. Bencivengo
16                                           United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

I, _____, declare and state as follows:

1.      I have read and been provided with a copy of the Joint Motion and Protective Order re Confidential Information ("Protective Order") and I understand the requirements of the Protective Order, the parties who are allowed access to certain documents, and I agree to be bound by its terms.

2.      I understand that the documents which are disclosed or provided to me pursuant to the Protective Order are confidential, and I further understand and agree that I may not use such documents for any purpose other than the preparation for trial of the above-captioned litigation, and that I may not divulge any copies or the identity or substance of any of the documents disclosed to me except in the preparation for trial and trial of this case.

3.      I further understand and agree that I must return all documents disclosed pursuant to this Protective Order and all copies thereof to counsel for the providing party upon the termination of this litigation.

4.      I further acknowledge and agree that by signing this declaration, I submit myself personally to the jurisdiction of the above-captioned Court for the purposes of enforcement of the Protective Order, in connection with the allegations of improper disclosure or use, if any, of the disclosed materials.

Dated: _____          _____
                                         Signature

101105886.1