# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIMPACT HEALTHCARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SXC HEALTH SOLUTIONS, INC., ET. AL., <br><br> Defendant. | CASE NO. 08CV590 BTM (CAB) <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

Plaintiff Medimpact Healthcare Systems ("Plaintiff" or "Medimpact") has brought suit against Defendants SXC Health Solutions("SXC"), Richard Scot Giambruno ("Giambruno"), Thomas N. Tabback ("Tabback"), and Independence Health Strategies ("Independence") alleging the following causes of action: (1) misappropriation of trade secrets; (2) intentional interference with prospective economic advantage; (3) negligent interference with prospective economic advantage; (4) unfair competition; and (5) injunctive relief. Defendants Giambruno, Tabback and Independence have filed the instant motion to dismiss requesting that the Court dismiss Plaintiff's second through fifth causes of action as preempted by the California Uniform Trade Secrets Act. For the reasons set forth below, this motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Plaintiff's complaint. Medimpact is a San Diego based company in the business of providing Pharmacy Benefits Management services to

various customers. (Complaint ¶ 1) Giambruno and Tabback were employees of Medimpact until December 2007. (¶ 2)  Prior to their departure, Giambruno and Tabback worked together to form a competing business which was named Independence Health Strategies. (¶¶ 17-19, 22)  During this time, they also developed a relationship with SXC, Medimpact's direct competitor in the Pharmacy Benefits Management services industry. (¶¶ 14,16, 20) Giambruno and Tabback also allegedly diverted a large potential client Ceres Strategies from Medimpact to either SXC or their own venture, Independence Health. (¶¶ 15-16)  While still working for Medimpact, Giambruno and Tabback registered their new venture, Independence Health as a limited liability company in Florida. (¶ 19)

   Plaintiff alleges that Giambruno and Tabback  (1) used Medimpact's confidential and proprietary information to develop their business venture; (2) used Medimpact's confidential and proprietary information to solicit Medimpact's clients for their new venture; (3) used Medimpact's financial resources to develop business relations with future clients for Independence Health; and (4) spent company time developing a relationship with SXC, Medimpact's direct competitor.

## DISCUSSION

   A motion to dismiss for failure to state a claim will be denied unless it appears that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986).

   Defendants argue that Plaintiff's second, third, fourth and fifth causes of action should be dismissed because they are preempted by the California Uniform Trade Secrets Act ("CUTSA"). California Civil Code Section 3426.7 states that the provisions of the CUTSA do "not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret." Courts have interpreted this provision to mean that claims that are "based on the same nucleus of facts as the misappropriation of trade secrets claims" are preempted. Digital

Envoy, Inc. v. Google Inc., 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005).

A cause of action for misappropriation of trade secrets under the California Uniform Trade Secrets Act, California Civil Code § 3426.1(b) includes the following elements:

(1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
(2) Disclosure or use of a trade secret of another without express or implied consent by a person who:
    (A) Used improper means to acquire knowledge of the trade secret; or
    (B) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was:
        (i) Derived from or through a person who had utilized improper means to acquire it;
        (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
        (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
    (C) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Plaintiff argues that, contrary to Defendants' arguments, their second through fifth causes of action are not preempted by CUTSA because these claims are supported by additional facts and therefore do not rest on the same nucleus of common facts supporting the misappropriation claim. Plaintiff's trade secret misappropriation claim against Giambruno, Tabback and Independence Health Services is based upon the following nucleus of facts: (1) Giambruno and Tabback were in possession of trade secrets belonging to Medimpact (Complaint ¶¶ 29-30); (2) Giambruno and Tabback knew that they had a duty to protect these trade secrets (Complaint ¶¶ 10-11); (3) Giambruno and Tabback misappropriated those trade secrets by using them to further their own business and by disclosing them to SXC (Complaint ¶¶ 18, 20, 22, 31); and (4) Giambruno and Tabback used Medimpact's trade secrets to divert the Ceres account away from Medimpact (Complaint ¶¶ 13-16) and to solicit Medimpact's customers (Complaint ¶¶ 22-24, 36).

Upon review of Plaintiff's second and third causes of action for intentional interference with prospective economic advantage and negligent interference with prospective economic advantage, the Court concludes that as currently pled, these causes of action rest on the same nucleus of facts that support Plaintiff's trade secret misappropriation claim. Plaintiff's

second claim alleges that:

> as a result of Defendants' conduct in misappropriating Medimpact's confidential customer and business information and using the same to solicit existing and potential Medimpact customers, which has had the effect and shall have the effect of interfering with Medimpact's economic relationships with existing and potential clientele, Medimpact has been damaged in an amount to be established according to proof at trial.

Plaintiff's third claim alleges that:

> Defendants were negligent in that they knew or should have know that Giambruno and Tabback owed a duty to Medimpact to maintain the confidentiality and secrecy of Medimpact's proprietary customer and competitive business information, yet violated that duty resulting in the misappropriation of said information and the interference and disruption by Defendants with the actual and prospective economic and business relationships between Medimpact and its clientele and customers.

Based on the language quoted above, Plaintiff's second and third claims on their face appear to rest on the same misappropriation of "confidential customer and business information" upon which its misappropriation claim is based. Plaintiff argues that these claims rest not only on the misappropriation of trade secrets but also on the factual allegations regarding improper solicitation and diversion of its clients through the use of these trade secrets.[1] Contrary to Plaintiff's position, the factual allegations of misappropriation and the solicitation and diversion of clients are part of the same nucleus of facts as those underlying Plaintiff's misappropriation claim. Because Giambruno and Tabback had authorized access to Medimpact's trade secrets, Plaintiff's claim for misappropriation rests on Giambruno's and Tabback's unauthorized disclosure and use of these trade secrets. Plaintiff's allege that Giambruno and Tabback (1) disclosed these secrets to SXC; (2) used these secrets to form their own company; and (3) used these secrets to solicit and lure away Medimpact's clients and potential clients. The solicitation and diversion of Medimpact's clients are therefore a central part the alleged acts of misappropriation. As currently pled, the same nucleus of facts

---

[1] Although Plaintiff also argues that its allegations of Defendants' use of company time to create and further their independent venture constitute additional facts, Plaintiff appears to use these facts to support its unfair competition claim as opposed to its interference claims. Plaintiff explicitly states in its fourth cause of action that Giambruno and Tabback established a competing venture while still employed at Medimpact, using Medimpact's time and resources. (Complaint ¶ 49)

1 supports both Plaintiff's misappropriation claims and interference claims.

2       Plaintiff also notes that if Medimpact cannot establish that the relevant information 3 constitutes trade secrets, it should be able to pursue claims for improper use and diversion 4 of confidential information to interfere with Medimpact's business relationships. Without ruling 5 on the viability of such a cause of action, the Court notes that the current pleadings do not 6 reflect that Plaintiff bases its interference claim on non-trade secret information.  As such, this 7 alleged non-trade secret information is not currently an additional factual basis for Plaintiff's 8 interference claims. The Court therefore concludes that Plaintiff's second and third claims for 9 intentional and negligent interference with prospective economic advantage are preempted 10 by the CUTSA.  Plaintiff's fifth cause of action entitled injunctive relief, as currently pled,  is 11 also based solely on the Defendants' alleged misappropriation of Plaintiff's trade secrets and 12 therefore preempted by the CUTSA.  As such the Court DISMISSES these claims without 13 prejudice.

14       Plaintiff's fourth cause of action for unfair competition is based on additional factual 15 grounds separate from the misappropriation allegations and is, therefore, not preempted by 16 CUTSA.  Plaintiff makes clear that it is proceeding against Defendants Giambruno and 17 Tabback on the ground that they used Medimpact's time and resources to establish a 18 competing venture in addition to misappropriating their trade secrets. (¶ 49)  As such, the 19 Court DENIES Defendants' motion to dismiss with regard to Plaintiff's fourth cause of action 20 for unfair competition.

21       Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART without 22 prejudice.  Plaintiff may amend its complaint within 15 days from the date of this order. 23 Defendants shall answer or otherwise respond to the amended complaint within 20 days of 24 the filing of the amended complaint.

25 IT IS SO ORDERED.

26 DATED:  September 3, 2008

27

28       Honorable Barry Ted Moskowitz
      United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28